No. 28,506.

THE HOME SAVINGS BUILDING AND LOAN ASSOCIATION, *Appellee*, v. THE HARDMAN LUMBER & COAL COMPANY, *Appellant*; HARRY CARLETON et al., *Defendants*.

(274 Pac. 214.)

Opinion filed February 9, 1929.

*W. L. Sayers,* of Hill City, *V. L. C. Smith,* and *Guido E. Smith,* both of Colby, for the appellant.

*E. H. Benson,* of Colby, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to foreclose a real-estate mortgage. The mortgagee was awarded a first lien, and a defendant holding a mechanics' lien appeals. The question is whether the court erred in rendering judgment on the pleadings and an agreed statement of facts.

Carleton purchased from the lumber company material which he used in the erection of a dwelling house. The lumber company filed a mechanics' lien. Carleton desired to borrow money from the building and loan association, to be secured by real-estate mortgage. The building and loan association required a waiver of priority so that its mortgage would be a first lien. The manager of the building and loan association and the manager of the lumber company discussed the subject, and the required waiver was executed by the lumber company and delivered to the building and loan association. The building and loan association completed its

arrangement with Carleton, filed its mortgage for record and paid the proceeds of the loan to Carleton. Carleton failed to pay the lumber company.

The petition of the building and loan association was in the usual form. Carleton defaulted. The answer of the lumber company alleged that the building and loan association agreed the lumber company should be paid from the proceeds of the loan to Carleton; that the lumber company relied on the agreement when the written waiver was executed; that the agreement constituted the sole consideration for execution of the waiver; and that instead of paying the lumber company the building and loan association wrongfully diverted the funds to other uses. The lumber company pleaded its mechanics' lien and prayed for foreclosure and a first lien. The reply denied responsibility of the building and loan association for the lumber company's failure to obtain satisfaction of its lien.

When the case was called for trial the attorneys for the contesting parties presented to the court an agreed statement of facts which was read into the record. The agreed statement of facts recited execution of the loan company's waiver of priority of lien but contained nothing regarding the circumstances under which the waiver was executed. The building and loan association moved for judgment on the pleadings and the agreed statement of facts. The motion was allowed and judgment was rendered for foreclosure of the mortgage and of the mechanics' lien. The mortgagee's judgment was ordered to be paid first out of the proceeds of sale.

Judgment was rendered on November 2, 1927. On November 3 the lumber company filed a motion for new trial. One of the grounds for new trial was that the lumber company was not afforded reasonable opportunity to present its evidence and to be heard on the merits. The motion for new trial lay dormant until a motion to confirm the sale of the real estate, made pursuant to the judgment, was heard on April 9, 1928. On that day a statement signed by the attorneys for the contesting parties was filed which, after identifying the case and the judgment, read as follows:

"1. That the stipulation filed in this case was intended to cover certain facts only, and that the balance of the facts were to be submitted for determination by a jury; that there was no agreed statement of facts purporting to cover all the facts, filed in the case, and that only the stipulation as above stated was filed in the case; that where the journal entry reads agreed statement of facts, is meant the stipulation above described.

"2. That the court sustained the motion for judgment on the pleadings

and the stipulation of defendant lumber company, and rejected testimony offered to prove the circumstances under which the waiver was signed by the Hardman Lumber Company.

"3. That a jury of twelve men were properly impaneled and sworn to try the case, and the defendant Hardman Lumber and Coal Company was ready to make its opening statement to said jury at the time the motion for judgment on the pleadings and stipulation was filed."

The motion for new trial was denied, the motion to confirm the sale was allowed, and the lumber company appealed. One of the grounds of appeal stated in the notice of appeal is the following:

"Sustaining the objections of the plaintiff to the introduction of evidence in support of the answer and cross petition of the said Hardman Lumber and Coal Company . . ."

The court was authorized to render the judgment which was rendered unless the agreed statement of facts read into the record at the beginning of the trial was supplemented by evidence defeating effectiveness of the waiver. The agreed statement did not recite that it was limited to certain facts only, and that the parties were at liberty to introduce evidence respecting subjects not covered by the agreed statement. Execution of the waiver of lien was expressly admitted in the agreed statement without suggestion that effectiveness of the waiver was to be contested by proof of circumstances under which the instrument was executed. The journal entry of judgment does not disclose that the limited character of the agreed statement was brought to the attention of the trial court at the beginning of the trial—the only stage of the proceedings at which the matter was material. The journal entry of judgment does not show that the lumber company asked leave to offer evidence, or that any offered testimony was rejected. At the hearing on the motion for new trial no showing was made by affidavit of witnesses or otherwise of what the lumber company might have proved if it had offered testimony. The recital relating to rejection of testimony contained in paragraph 2 of the attorneys' statement filed April 9, 1928, was not in accord with the recitals of the journal of the court. The court knew what occurred at the trial. No motion was made to correct the record, and this court is bound by the record. The result is the motion for new trial was properly denied, and the ground of appeal stated in the notice of appeal and noted above has no support in the record.

There is nothing else of importance in the case, and the judgment of the district court is affirmed.